IN RE PETITION OF JOSEPH CROSSGROVE FOR THE PAYMENT TO THE PETITIONER OF A CERTAIN SUM OF MONEY PAID INTO COURT BY THE SHERIFF AND CLAIMED BY THE LEVY COURT OF NEW CASTLE COUNTY AS DOLLARAGE.

*Petition to take Money out of Court—Costs—Sheriff—Dollarage, On Sale of Real Estate—Statute; Repeal of by New Act of March 29, 1907.*

There is now no authority in law permitting the Sheriff to demand or receive, as an item of cost, collectible through his office, dollarage to the extent of two *per centum* of the amount derived from the sale of real estate by such Sheriff, or any other commission or dollarage upon the amount

derived from the sale of real estate by such Sheriff. The statute which authorized the Sheriff to receive such dollerage has been repealed by the act entitled "An Act to amend Sections 7 and 10 Chap., 125, Rev. Code Laws of Delaware," approved March 29, 1907.

(*July* 3, 1907.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards* for petitioner.

*Sylvester D. Townsend, Jr.*, for the Levy Court.

Superior Court, New Castle County, May Term, 1907.

The petition set forth the following facts:

"That your Petitioner, as Assignee of Henry F. Carpenter, Assignee of Joseph L. Carpenter, Junior, Assignee of Perpetual Savings and Loan Association, Assignee of Joseph L. Carpenter, Junior, by a writ of *Scire Facias* upon a mortgage, issued out of this Honorable Court, and appropriate proceedings subsequent thereto, recovered a judgment for the sum of Eleven hundred and fifty dollars ($1150.00), together with interest and costs, at the February Term, A. D. 1907 of this Honorable Court against John Repka and Emma Repka, his wife, mortgagors, which said Judgment is No.        February Term, A. D. 1907, and is recorded in *Judgment Docket M, Vol. 3, Page*        ;

"That by authority of a writ of *Levari Facias* issued upon the said judgment, the Sheriff of New Castle County, on the twentieth day of May, A. D. 1907, did sell the lands and premises covered by said mortgage unto Harry Sparks for the sum of Twelve hundred dollars ($1200).

"That in the course of settlement by your petitioner with Henry Stafford, Sheriff of this County, for the proceeds of said sale, to-wit, the sum of Twelve hundred dollars ($1200.) the said Henry Stafford, Sheriff as aforesaid, demanded that your Petitioner should pay to him, as a part of the costs upon the said writ of *Lavari Facias* and the execution thereof, a fee or sum

amounting to Twenty-four dollars as dollarage upon the amount of the said sale of said real estate.

"Your Petitioner, being desirous to obtain his deed for said real estate and the said Sheriff being unwilling to deliver said deed until the payment of the costs upon his said writ, including the said sum of Twenty-four dollars as dollarage as aforesaid, paid to the said Sheriff the sum of Sixty-nine dollars and ninety-two cents, being the total amount of costs on his said writ, including the said sum of Twenty-four dollars, but nevertheless the . said sum of Twenty-four dollars part of the said costs as aforesaid, was paid by your Petitioner to the said Sheriff under protest and your Petitioner did, then and there, notify the said Sheriff that he protested against the payment of the said sum of Twenty-four dollars and that he would take proper legal steps to recover from said Sheriff the said amount.

"Your Petitioner is informed, and the Record of this Court shows, that the said Sheriff has paid the said sum of Twenty-four dollars into this Court to abide the disposition of the same by this Court; and your Petitioner claiming that the said sum of Twenty-four dollars as dollarage upon the sale of the said real estate as aforesaid, is an illegal charge and is not a fee prescribed by law or collectible under the law of this State, prays your Honors to make an order directing that the said sum of Twenty-four dollars be paid out of this Court unto your petitioner.

"And so your Petitioner will ever pray, etc.

"JOSEPH CROSSGROVE
by *Robt. H. Richards*
his Attorney in fact."

(The above petition was duly sworn to in the usual form before a Notary Public).

At a hearing on the petition, Richards for petitioner contended in support of the prayer of the petition that *Chap.* 125, *Sec.* 7, *p.* 896, *Rev. Code* (1893), being that part of the act covering the sale of lands and tenements under execution process which required the payment of dollarage to the Sheriff, had been

repealed by the act passed by the last Legislature and approved by the Governor on the 29th day of March, 1907, being *Chap.* 245 *Vol.* 24, *Laws of Delaware*, entitled "*An Act to Amend Sections* 7 *and* 10, *Chap.* 125, *Rev. Code* of 1893, *Laws of Delaware*".

The Court made the following order:

"And now to wit, this third day of July A. D. 1907, the petition of Joseph Crossgrove having been presented and read to the Court, and the same having been discussed by Robert H. Richards, Attorney for the petitioner, and Sylvester D. Townsend, Attorney for the Levy Court of New Castle County, and the Court having maturely considered the same, it is ordered and adjudged by the Court that there is no authority in law permitting the Sheriff to demand or receive, as an item of cost collectible through his office, dollarage to the extent of two per centum of the amount derived from the sale of real estate by such Sheriff, or any other commission or dollarage upon the amount derived from the sale of real estate by such sheriff; and it is therefore further ordered by the Court that the sum of Twenty-four dollars, unlawfully collected from Joseph Crossgrove by Henry Stafford, Sheriff of New Castle County, as dollarage upon the amount derived from the sale of certain real estate and subsequently paid into this Court by said Sheriff, be paid out of this Court, by an appropriate cheque drawn to the order of said Joseph Crossgrove or of Robert H. Richards, his Attorney of Record.

"CHAS B. LORE, C. J."